# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEMARCIS L. MARCH, <br><br> Defendant. | Criminal No. 3:99-cr-275 <br><br><br><br> RULING DENYING MOTION FOR REDUCTION OF SENTENCE |

Defendant Demarcis March filed a financial affidavit in support of request for attorney to represent him in regard to seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2). After reviewing a report from the probation office and defendant's file, it was clear that defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. Accordingly, counsel was not appointed, and the result being clear, defendant's request for counsel was construed as a motion for a sentence reduction and denied.

Defendant now moves pro se for a sentence reduction pursuant to § 3582(c)(2) and Amendment 750. Although this is defendant's second motion for sentence reduction, the first was due to my construction of his request for counsel as such, and I therefore elaborate on my reasoning. In a previous ruling, I noted:

> The records of this court disclose that defendant's sentence was based on a sentencing guidelines offense level 41 and a criminal history category IV, which combination provided for a sentencing range of 360 months to life. Defendant's statutory maximum sentence, however, was 240 months. Adding to this statutory maximum a 120-month mandatory consecutive term for discharging a firearm during the drug trafficking crime resulted in defendant's 360-month sentence.

Ruling Den. Mot. for Reduction of Sen. 1, October 31, 2008, ECF No. 154. Applying the new retroactive amendment to defendant would reduce his offense level to 37, which includes a base

offense level of 34 with a three-level increase for his leadership position.  See U.S.S.G. § 5G1.1(a).  His criminal history category would remain IV, and without applying the statutory maximum the resulting guidelines range would be 292 to 365 months.  See id.  After applying the statutory maximum, his guidelines calculation is not a range, but a single point: 240 months.  See United States v. McFadden, 523 F.3d 839, 840 (8th Cir. 2008).  The retroactive amendment does not, therefore, give me the power to reduce defendant's sentence.  U.S.S.G. § 1B1.10.  His consecutive 120 month sentence is not affected by the guidelines amendment, and his motion for reduction of sentence is **DENIED**.

    **DATED** this 13th day of April, 2012.

                                      HAROLD D. VIETOR
                                      Senior U.S. District Judge